IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. RDB-20-048 |
| | * | |
| CHRISTOPHER FOX, | * | |
| Defendant. | * | |
| | * | |

**********

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America submits this memorandum in aid of sentencing and respectfully requests that the Court sentence the Defendant to 290 months of imprisonment and a lifetime term of supervised release.

I. **Factual Summary**

In the Spring of 2018, Microsoft discovered that a Skype user was using Microsoft's Skype internet platform to distribute and receive sexually explicit images of children. Microsoft submitted several Cyber Tips to the National Center for Missing and Exploited Children ("NCMEC") regarding these images, and the Federal Bureau of Investigation ("FBI") initiated an investigation. Investigators discovered that this online Skype activity resolved to the Defendant's Brooklyn, Maryland residence.

FBI investigators obtained search warrants for the Defendant's electronic accounts and executed a search warrant at his Brooklyn residence, where he lived alone. The investigation revealed that on at least eleven occasions between December 10, 2017 and May 19, 2018, the Defendant used an alias, and pretended to be a minor, during online communications with other Skype users. During these communications, the Defendant traded graphic, child pornographic images and videos, which depicted young boys engaged in sexually explicit conduct, with several

1

other Skype users. The Defendant engaged in sexually-charged conversations with these other Skype users, using words to the effect of "wanna trade" and "send a real good one of like 11 or 12 fucking with sound."

In many instances, the Defendant agreed to send these sexually explicit images to other Skype users, in exchange for receiving child pornography from the other Skype users. Several of the images and videos that Defendant trafficked, depicted very young prepubescent males engaged in oral and anal sex. In other instances, if the other Skype user did not have any child pornography to trade, then the Defendant would agree to send sexually explicit images if the other Skype user agreed to "cam" with him (live stream webcam video exchanges with other internet users, which were not recorded or recovered). During these "cam" sessions, the Defendant sometimes wrote to the other Skype users, communicating with words such as "hot" and "can i c your butt?" Several of the other Skype users that the Defendant communicated with, portrayed themselves as minors during the Skype communications. Investigators were able to confirm that at least two Skype users were minors at the time they communicated with the Defendant via Skype.

Investigators also found hundreds of graphic, child pornographic images on the Defendant's Dell Latitude Laptop and on a silver thumb drive, which were devices seized during the execution of the search warrant at the Defendant's residence. Some of these images appear to be surreptitiously recorded images of naked boys in the midst of changing clothes in a boy's locker room. A forensic review of the contents of the Dell Laptop revealed that the Defendant used the laptop to conduct internet searches for the following search terms: "eighth grade;" "boying up;" and "bus rape 12yo."

Even more disturbing, is the fact that at the time the Defendant sent and received these sexually explicit images of young boys, he was serving a term of probation for a hands-on sex offense against a minor male. The Defendant had previously served a jail sentence in Howard County Circuit Court case number 13-K-14-055021, for a third degree sex offense against a minor male. The Defendant was also a registered sex offender at the time he sent and received the Skype images and videos described above.

The images in this case depict real children, who were sexually exploited on camera, and whose images were traded on the internet by the Defendant and other Skype users. Of the hundreds of visual depictions involved in this case, six of the children depicted in the images that the Defendant trafficked and possessed have been positively identified by investigators.[1] These victims include two brothers, who were sexually assaulted and exploited on camera when they were minors. In 2007, when the victims were in seventh and eighth grade, respectively, the brothers submitted victim impact statements regarding the sexual abuse that they endured. These statements, and a victim impact statement from the parents of the victims, demonstrate the feelings of anger, embarrassment and frustration that the victims have endured as a result of the crimes committed against them. One of the minor victims described feeling "tortured." Trafficking and possessing images of victims of sexual abuse, especially while being on probation for a sex crime against a minor, is a truly serious offense.

**II.     Advisory U.S.S.G. Sentencing Guidelines**

---

[1] Although these children have been identified as victims in the images associated with this case, no victim has submitted a request for restitution. As such, the Government will not seek restitution in this matter. The Government will provide the Court and defense counsel with copies of the three victim impact statements submitted and associated with the images discovered during the investigation of this matter.

The government concurs with the following advisory guideline calculations, as set forth in the Presentence Investigation Report ("PSR"):

| | | | |
|---|---|---|---|
| Base Offense Level: | 22 | U.S.S.G. § 2G2.2(a)(2) | PSR ¶ 18 |
| Depictions of prepubescent minors: | +2 | U.S.S.G. § 2G2.2(b)(2) | PSR ¶ 19 |
| Distribution in exchange for CP: | +5 | U.S.S.G. § 2G2.2(b)(3)(B) | PSR ¶ 20 |
| Depictions of S&M / toddlers: | +4 | U.S.S.G. § 2G2.2(b)(4) | PSR ¶ 21 |
| Use of a computer: | +2 | U.S.S.G. § 2G2.2(b)(6) | PSR ¶ 22 |
| Over 600 images: | +5 | U.S.S.G. § 2G2.2(b)(7)(D) | PSR ¶ 23 |
| Acceptance of Responsibility: | -3 | U.S.S.G. § 3E1.1(b) | PSR ¶ 29, 30 |
| Total Offense Level: | 37 | | PSR ¶ 31 |
| | | | |
| Total Offense level: | **37** | U.S.S.G. Chapter 5 (Part A) | PSR ¶ 31 |
| Criminal History Category: | **III** | U.S.S.G. Chapter 5 (Part A) | PSR ¶ 37 |
| | | | |
| Advisory Guideline Range: | 262 – 327 months incarceration | | PSR ¶ 75 |
| Statutory Range: | 15 – 40 years incarceration | | PSR ¶ 74 |

### III.   Government's Position Regarding Imposition of Sentence

Considering the applicable enhancements to the offense level, and the Defendant's Category III Criminal History, the Defendant's advisory sentencing guideline range is 262 – 327 months incarceration. For the reasons described in more detail below, the Government respectfully requests that this Honorable Court impose a 290 month jail sentence, which is in the middle of the advisory guideline range in this case. The Government also respectfully requests that a lifetime term of supervised release be imposed.

### IV.   Sentencing Factors – 18 U.S.C. 3553(a)

**A. A sentence of 290 months incarceration is necessary to reflect the seriousness of the offense, to provide just punishment, and to promote respect for the law.**

The Defendant has committed a very serious crime. The detrimental, lifetime impact that image trafficking has on the victims of these crimes cannot be overstated. The fact that these prepubescent and minor boys were sexually exploited on camera, and then subsequent to this

4

terrible abuse, the images of the abuse were repeatedly trafficked on the internet, causes significant injury to the victims each time the images are trafficked online.  In seeking out images and videos of children being sexually abused, and trading them with other Skype users online, the Defendant helped create a market on the internet for images of children being sexually assaulted, thereby contributing to the continuing destruction of the victims' lives.  Indeed, the Defendant specifically requested a video of 11 and 12 year old boys engaged in sex, and he further requested that the video contain sound.  Even more disturbing, is that the Defendant contributed to the marketplace for these abusive images, while trafficking the images with Skype users who were themselves, minors, at the time of the trafficking.  The Defendant engaged in very serious misconduct, and a significant sentence is necessary to reflect the seriousness of this type of offense.

A 290 month sentence is a substantial sentence in this case.  It will provide just punishment for the Defendant's trafficking, possession and viewing of child pornography.  This sentence may also promote the Defendant's respect for the law in the future.  The sentence reflects the seriousness of the Defendant's crimes, while also taking into account his acceptance of responsibility in this matter.

    **B. A substantial sentence is necessary to protect the public, and to afford adequate specific and general deterrence**

This Defendant's conduct poses a danger to children in the community.  It is clear from the evidence in this case, that the Defendant contributed to the online market for illicit sexual images of children.  The victims depicted in these images have to live with the soul-destroying knowledge that images of their sexual abuse will live forever on the internet, and in places like the Defendant's Skype account and his Dell Laptop computer.

Further, the Defendant not only trafficked in these abusive images of children, but it also appears that he engaged in live webcam sessions with other Skype users, during the time that he trafficked in these images. In one instance, it appears that the Defendant asked the other Skype user to show him his butt during the live webcam session. Further, while the Defendant was on probation for a hands-on sex offense against a minor male, it appears that he conducted internet searches on his laptop, for search terms related to rape involving 12-year old boys.

A significant sentence in this case will help to protect the public. It will also act as a deterrent, to specifically deter this Defendant from committing offenses while he is incarcerated and after he is released. Further, there is an equally urgent need to send a strong message to the community regarding the wrongfulness of the Defendant's conduct. Imposing a significant sentence will also act as a general deterrent, not just to this Defendant specifically, but to others in the community. A 290 month sentence will send a strong and clear message to the community that those who seek out and traffic sexually explicit and abusive images of children on the internet will be held accountable and will receive significant punishment for this type of crime.

V.  **Conclusion**

For the reasons set forth above, the Government respectfully submits that 290 months confinement, and a lifetime term of supervised release, is a reasonable sentence and is sufficient, but not greater than necessary to comply with the sentencing factors set forth in 18 U.S.C. § 3553(a)(2).

    Respectfully submitted,

    Jonathan F. Lenzner
    Acting United States Attorney

By:   /s/
Christine Duey
Matthew Maddox
Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing document was served electronically via ECF to counsel of record for the defendant.

/s/
Christine Duey
Assistant United States Attorney
